IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SENRICK SHERN WILKERSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | Civil Action No**. 3:25-CV-1487-L-BW** |
| § | |
| **DALLAS POLICE DEPARTMENT** § | |
| **OPEN RECORDS,** § | |
| § | |
| Defendant. § | |

## <u>ORDER</u>

On September 5, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 4) ("Report") was entered, recommending that the court dismiss without prejudice this action, pursuant to Federal Rule of Civil Procedure 41(b), as a result of Plaintiff's failure to prosecute and comply with a deficiency order entered by the magistrate judge. No objections to the Report were filed, and the deadline for asserting objections has expired.

Having considered the file, Report, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action pursuant to Rule 41(b) as a result of Plaintiff's failure to prosecute and comply with a court order.[*]

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **incorporates by reference** the Report.  *See Baugh v. Taylor*, 117 F.3d

---

[*] The court also takes judicial notice that the City of Dallas is a home-rule city in the State of Texas. The Dallas Police Department is a department of the City of Dallas, and it has no separate jural existence or independent capacity to sue. Therefore, it cannot be sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 312 (5th Cir. 1991). Accordingly, this action would have been subject to dismissal on this alternative ground even if Plaintiff had not failed to prosecute or comply with a court order.

197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 24th day of October, 2025.

Sam A. Lindsay
United States District Judge